**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vazrik A. MAKARIAN, Defendant–Appellant.**

**No. 05–50937.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Mary Carter Andrues, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Vazrik Makarian appeals the twelve months and one day sentence imposed after his conviction following a guilty plea on two counts of knowingly submitting false statements to a federally insured financial institution, in violation of 18 U.S.C. § 1014. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.[1]

Makarian contends that the district court's calculation of the loss amount as $197,463.73 was clear error, and that the court's use of this loss amount to increase Makarian's base offense level by seven pursuant to U.S.S.G. § 2F 1. 1(b)(1)(H) also was clear error.[2]

Makarian argues that he intended only that his false statements would induce the lender to waive loan fees, so that loss should be about $12,000 per the amount of the waived fees. There was, however, sufficient evidence to support the district court's determination that Makarian's submission of false income tax returns to the bank was material to the bank's making of the loan, and also that the actual loss suffered by the bank as a result of his misconduct was the loss after foreclosure of $197,463.73.

We conclude that the district court correctly calculated "loss" under section 2F1.1 of the guidelines, since both the commentary and our circuit precedent instruct the district court to use the *greater* of the actual loss suffered or the intended or probable loss the defendant attempted to inflict. *See* U.S.S.G. § 2F1.1, Comment. n. 7 (Nov.1990); *United States v. Allen,* 88 F.3d 765, 770 (9th Cir.1996); *United States v. Shaw,* 3 F.3d 311 (9th Cir.1993); *United*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not re-state them here except as necessary to explain our disposition.

2. The district court's factual findings are reviewed for clear error. *United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005).

*States v. Galliano,* 977 F.2d 1350, 1352 (9th Cir.1992). The district court did not clearly err when it determined the appropriate loss amount to be $197,463.73 and calculated the advisory sentencing guidelines correctly in light of the loss on the loan. Moreover, nothing in the plea agreement precluded the district court's sentence of Makarian based on the actual loss suffered by the bank.

**AFFIRMED.**